IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas

JUL 22 2025

Clerk, U.S. District Court
By_____ Deputy Clerk

UNITED STATES OF AMERICA,

Plaintiff,

v.

MATT JENNINGS,

Defendant.

Case No. 25-MJ-06035-01-GEB

PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney Matt Treaster, and Matt Jennings, the defendant, personally and by and through his counsel, Ellen Bertels, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Counts 1 and 3 of the Information each charging a violation of 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(2), that is, Illegal Taking of a White Tail Deer in Interstate Commerce. By entering into this Plea Agreement, the defendant admits to knowingly committing the offenses, and to being guilty of the offenses. The defendant understands that the maximum sentence which may be imposed as to Counts 1 and 3 of the Information to which he has agreed to plead guilty is not more than 1 year of imprisonment, a $100,000 fine, 1 year of supervised release, 5 years of probation, restitution in the amount of $15,000, a $100,000 fine, and a $25.00 mandatory special assessment. The defendant further agrees to forfeit property to the United States, as agreed.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

Ver. 22-01

In this agreement, the defendant, Matt Jennings, admits that he illegally took two white-tailed deer in Kansas in November 2022. The defendant primarily resides in Bowdon, Georgia, but also resides at times in Woodland, Alabama. The defendant hosts a hunting show titled "The Game", which is aired on his YouTube.com channel and streamed on CarbonTV. He often features his own hunts as part of his hunting show. These two illegal hunts were featured as part of his show.

The defendant agrees that he traveled from Kentucky to Kansas to hunt the two illegal taken deer. He arrived in Kansas on November 5, 2022. When he arrived in Kansas, he possessed a lawful tag to take an antlered deer in Kansas within a hunting unit located near Wakeeney and Hill City, Kansas in the Northwest portion of the state. On November 11, 2022, the defendant killed an antlered deer near Florence, Kansas, which is in the central part of Kansas. The antlered deer tag that he had, did not allow him to take a deer in that part of Kansas. The defendant knew this, and instead, drove to Oklahoma on November 12, 2022, where he registered the kill in that State and registered the deer with an Oklahoma electronic tag. He knew this was illegal.

On November 13, 2022, the defendant traveled to Northwest Kansas, near Wakeeney and Hill City. As indicated before, the valid Kansas antlered deer tag that he did have was valid in that area of the State. On November 19, 2022, the defendant killed another antlered deer near Wakeeney. Although he had a valid tag for that area of the State, this was the killing of a second antlered deer in the same year, which is a violation of Kansas law by exceeding the bag limit of one antlered deer per season.

These facts are supported by the joint investigation of the Kansas Department of Wildlife and Parks, and the United States Fish and Wildlife. Through the use of phone data and media posts of the defendant, they were able to confirm the movements of the defendant during this time period and the locations of the taking of each of the two antlered deer.

3. **Agreements of the Parties.** Both the government and the defendant will make the following sentencing recommendations to the Court:

(a) the defendant will serve a five-year, unsupervised period of probation with the condition that he is prohibited from guiding, hunting, trapping, fishing, or being with anyone engaged in those activities in the states of Kansas, Nebraska, Missouri, Oklahoma, Colorado, Iowa, Wisconsin, Illinois, and Minnesota;

(b) the defendant will serve a lifetime ban from hunting or fishing in the State of Kansas;

(c) prior to his plea and sentencing, the defendant will abandon the two illegally taken white-tailed deer mounts, or antlers, taken in Kansas in November 2022 to the United States Fish and Wildlife Service;

(d) the defendant will pay $15,000 in restitution to the State of Kansas (Kansas Department of Wildlife and Parks Law Enforcement Fund, 512 SE 25th Ave., Pratt, KS 67124, Attention: Annie Campbell);

    (e)    the defendant will pay a $10,000 fine; and,

    (f)    the defendant will retake the Alabama Hunter Education Course and provide a copy of the certificate of completion to the United States Attorney's Office for the District of Kansas.

4.    **Government's Agreements.**  The government agrees to do the following in this case:

(a)  the government will not file any further charges forming the basis of the present Information: and,

(b)  the government will move to dismiss Count 2 of the Information at the time of sentencing.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

5. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States Magistrate Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

6. **Forfeiture of Assets.** The defendant knowingly and voluntarily agrees and consents:

The defendant agrees to the forfeiture of the following property to the United States: two white-tailed deer mounts and/or sets of antlers taken by the defendant from the State of Kansas in November 2022. The defendant agrees that this property was involved in the commission of Counts 1 and 3 of the Information. The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses regarding the forfeiture of property and withdraws any administrative claim or petition for remission regarding the property. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and

all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

7.  **Restitution.** The defendant knowingly and voluntarily agrees and consents to pay restitution for all losses caused by defendant's relevant conduct in this case, not just losses resulting from the counts of conviction, in *at least* the following amounts:

| Victim: | Total Loss: | Agreed Restitution: |
|---|---|---|
| State of Kansas | $15,000 | $15,000 |

(a) Defendant acknowledges that the liability to pay restitution does not terminate until 20 years from entry of judgment or 20 years after defendant's release from imprisonment, whichever is later pursuant to 18 U.S.C. § 3613(b).

8.  **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

9.  **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $25.00 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration or probation.

10. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this

5

prosecution, his conviction, or the components of the sentence to be imposed herein, including assessments and restitution, **as well as** the length and conditions of probation. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

    11.    **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

    12.    **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The

United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

13. **Parties to the Agreement.** The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

14. **Voluntariness of Guilty Plea.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

_____        Date: 7/22/25
Matt Treaster
Assistant United States Attorney

7

_____  Date: 7/22/2025
Aaron Smith
Assistant United States Attorney
Supervisor

_____  Date: 7/22/25
Matt Jennings
Defendant

_____  Date: 7/22/2025
Ellen Bertels
Counsel for defendant

8